UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
IN RE APPLICATIONS OF                                          :
APOSTOLOS MANGOURAS, for                                       :          1:17-mc-172 (PKC)
Orders Pursuant to 28 U.S.C. § 1782 to                         :
Conduct Discovery for Use in Foreign Proceedings               :
----------------------------------------------------------------X


# RESPONDENTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO STAY THE COURT'S OCTOBER 30, 2017 ORDER (ECF NO. 59)


Victor Genecin (VG9733)
Alice Leonard de Juvigny (AJ1108)

**SQUIRE PATTON BOGGS (US) LLP**
30 Rockefeller Plaza, 23rd floor
New York, NY  10112
(212) 872-9800

*Attorneys for Respondents*
*Squire Patton Boggs (US) LLP,*
*Brian D. Starer, Esq., CR Cushing & Co.,*
*and Charles R. Cushing, Ph.D., P.E.*

## TABLE OF CONTENTS

                                                                                                                                              **Page**

TABLE OF AUTHORITIES ................................................................................................ ii
PRELIMINARY STATEMENT ........................................................................................... 1
INTRODUCTION ................................................................................................................. 1
ARGUMENT ......................................................................................................................... 2
      I.     STAYS ARE ROUTINELY GRANTED IN § 1782 CASES ............................... 2
      II.    THE PUBLIC INTEREST IN RESPECT FOR PRINCIPLES OF INTERNATIONAL COMITY FAVORS GRANTING A STAY PENDING APPEAL ............................................................................................... 3
      III.   THE PUBLIC INTEREST IN UPHOLDING CONSTITUTIONAL LIMITS ON THE EXERCISE OF FEDERAL JURISDICTION FAVORS A STAY ................................................................................................................... 5
      IV.   RESPONDENTS, THE KINGDOM OF SPAIN, AND THE PUBLIC INTEREST  WILL BE IRREPARABLY HARMED IF THE ORDER IS NOT STAYED ................................................................................................... 7
      V.    APPLICANT WILL NOT BE INJURED BY A STAY ....................................... 8
      VI.   RESPONDENTS' APPEAL IS LIKELY TO SUCCEED ON THE MERITS .............................................................................................................. 10
CONCLUSION ..................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Accent Delight Int'l*,
  (2d Cir. Case No. 16-3655) (ECF No. 37, 65) ........................................................................ 2

*In re Aldunate*,
  3 F.3d 54, 55, 57 (2d Cir. 1993); *accord,* Opposition (ECF No. 68) ....................................... 2

*Animal Sci. Prods. v. Hebei Welcome Pharm. Co. (In re Vitamin C Antitrust Litig.)*,
  837 F.3d 175 (2d Cir. 2016) ..................................................................................................... 4

*In re Application of Chevron Corp.*,
  709 F. Supp. 2d 283 (S.D.N.Y. 2010) ................................................................................. 3, 10

*In re Application of Sargeant*,
  2017 U.S. Dist. LEXIS 167248 (S.D.N.Y. Oct. 10, 2017) .................................................... 5, 6

*Becher v. Long Island Lighting Co. (In re Long Island Lighting Co.)*,
  129 F.3d 268 (2d Cir. 1997) ..................................................................................................... 8

*Chevron Corp. v. Berlinger*,
  629 F.3d 297 (2d Cir. 2011) ..................................................................................................... 2

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014) ............................................................................................................... 6

*In re Elvis Presley Enters. LLC*,
  No. 15mc386 (DLC), 2016 U.S. Dist. LEXIS 25136 (S.D.N.Y. Mar. 1, 2016) ....................... 9

*In re Gushlak*,
  No. 11-MC-218 (NGG), 2012 U.S. Dist. LEXIS 60342 (E.D.N.Y. Apr. 30, 2012) ................................................................................................................................... 2

*Hilton v. Braunskill*,
  481 U.S. 770 (1987) .................................................................................................................. 3

*Intel Corp. v. Advanced Micro Devices*,
  Inc., 542 U.S. 241 (2004) .......................................................................................................... 7

*Jock v. Sterling Jewelers, Inc.*,
  738 F. Supp. 2d 445 (S.D.N.Y. 2010) .................................................................................... 10

*Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*,
  313 F.3d 70 (2d Cir. 2002) ....................................................................................................... 4

*Kiobel v. Cravath, Swain & Moore LLP*,
   2nd Cir Case No. 17-424-cv ....................................................................................6

*Kiobel v. Cravath, Swaine & Moore, LLP*
   (S.D.N.Y. Case No. 1:16-cv-07992).........................................................................2

*In re Mare Shipping, Inc.*,
   2013 U.S. Dist. LEXIS 152337 (S.D.N.Y. Oct. 23, 2013) .......................................1

*Mohammed v. Reno*,
   309 F.3d 95 (2d Cir. 2002)......................................................................................10

*NRDC v. U.S. Food and Drug Admin.*,
   884 F. Supp. 2d 108 (S.D.N.Y. 2012).......................................................................8

*In re Okean B.V.*,
   60 F. Supp. 3d 419 (S.D.N.Y. 2014).........................................................................7

*Schmitz v. Bernstein Liebhard & Lifshitz*,
   LLP, 376 F.3d 79 (2d Cir. 2004) ..............................................................................6

*In re Schmitz*
   259 F. Supp. 2d 294 (S.D.N.Y. 2003)..................................................................5, 6

*In re von Bulow*,
   838 F.2d 94 (2d Cir. 1987).......................................................................................8

*In re WinNet R CJSC*,
   No. 16-mc-484, 2017 U.S. Dist. LEXIS 56985 (S.D.N.Y. Apr. 13, 2017) ...............9

*In re World Trade Ctr. Disaster Site Litig.*,
   503 F.3d 167 (2d Cir. 2007).................................................................................3, 10

**Statutes**

28 U.S.C. § 1782................................................................................................... *passim*

**PRELIMINARY STATEMENT**

Squire Patton Boggs (US) LLP, Brian D. Starer, Esq., Charles R. Cushing, Ph.D., P.E. and C.R. Cushing & Co., Inc. (collectively, "Respondents") respectfully submit this reply memorandum of law in support of their motion for a stay of the Court's October 30, 2017 Order, ECF No. 59 (the "Order"), pending resolution of their appeal.  *See* Notice of Appeal, ECF No. 61.

**INTRODUCTION**

In further support of Respondents' motion for a stay, the Kingdom of Spain, recognized by this Court as "for all intents and purposes, the real subject of the subpoena," *In re Mare Shipping, Inc.*, 2013 U.S. Dist. LEXIS 152337 at *14 (S.D.N.Y. Oct. 23, 2013), has submitted, under today's date, a letter from Hon. Luis Serrano, Deputy Director Deputy Director of Litigation for the Spanish Government State Attorney's Office.[1]  The Serrano November 14, 2017 Letter states that it, as well as Dr. Serrano's earlier submissions to the Court, are made "under penalty of perjury under the laws of the United States."  Dr. Serrano's letters set forth the position of the Spanish Government concerning the issues of Spanish law relevant to this matter, as well as the fact that the Kingdom of Spain regards "its right to professional secrecy in connection with the documents and testimony requested by the Applicant to be of the greatest importance." Serrano November 14, 2017 Letter at § II.  Considerations of international comity require deference to these statements of the Spanish Government concerning its laws.

On their appeal, Respondents will raise, *inter alia*, three issues of first impression:

(1)   Whether a district court may order the discovery of privileged documents related to the legal representation of a foreign government;

---

[1] Hereinafter, the "Serrano November 14, 2017 Letter."  *See* Declaration of Victor Genecin, dated November 14, 2017, filed herewith, at Exhibit 1.  A certified translation is Exhibit 1 to the Declaration of Cathleen Waters dated November 14, 2017, also filed herewith.

1

010-8554-6444/2/AMERICAS

 (2) Whether a district court must defer to a foreign government's submissions concerning the interpretation of its own laws when that government is the true target of subpoenas issued pursuant to 28 U.S.C. § 1782; and,

 (3) Whether a district court may, consistent with constitutional due process, order discovery pursuant to 28 U.S.C. § 1782, of documents that are located in the United States but that belong to a foreign government over which the district court does not have personal jurisdiction.

In addition to the foregoing considerations, each of which is unique in the jurisprudence of § 1782 to date, the balance of the equities also strongly weighs in favor of a stay. Respondents, indeed, risk losing the applicable privileges forever, and could face criminal liability in Spain, if proceedings pursuant to the Order were to move forward now.

## ARGUMENT

### I. STAYS ARE ROUTINELY GRANTED IN § 1782 CASES

Orders granting discovery pursuant to § 1782 are immediately appealable. *See, e.g., Chevron Corp. v. Berlinger*, 629 F.3d 297, 306 (2d Cir. 2011); *In re Aldunate*, 3 F.3d 54, 55, 57 (2d Cir. 1993); *accord,* Opposition (ECF No. 68) at 4. In this Circuit, moreover, motions to stay such orders pending appeal are routinely granted, especially where, as here, the order concerns material that is assertedly subject to a privilege. *See* Order Granting Stay Pending Appeal (ECF No. 29) in *Kiobel v. Cravath, Swaine & Moore, LLP,* (S.D.N.Y. Case No. 1:16-cv-07992); *In re Accent Delight Int'l,* (2d Cir. Case No. 16-3655) (ECF No. 37, 65). Indeed, Applicant cites only one decision by a court within this Circuit denying a stay of § 1782 discovery, and that case specifically concerned "compelled production of *non-privileged* discovery material." *In re Gushlak*, No. 11-MC-218 (NGG), 2012 U.S. Dist. LEXIS 60342 at *12 (E.D.N.Y. Apr. 30, 2012) (emphasis added) (cited in Opposition (ECF No. 69) at 5 (also citing opinions from other jurisdictions)). Applicant does not cite a single case in this Circuit denying a motion to stay pending appeal in which the discovery sought was claimed to trench upon a privilege.

2

When deciding whether to issue a stay pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 169 (2d Cir. 2007); *In re Application of Chevron Corp.*, 709 F. Supp. 2d 283, 300 (S.D.N.Y. 2010). All four factors weigh in favor of a stay in the instant case.

## II. THE PUBLIC INTEREST IN RESPECT FOR PRINCIPLES OF INTERNATIONAL COMITY FAVORS GRANTING A STAY PENDING APPEAL.

If discovery were to move forward now, every disclosure that this Court would mandate would violate professional secrecy protections that are enshrined in the Constitution, statutes and regulations of the Kingdom of Spain and that are enforced by decisions of the Spanish Courts. *See* November 14, 2017 Serrano Letter at § IV. These protections belong to the Spanish Government itself, as Respondents' client. This action, and its predecessor in 2013, are the only § 1782 cases that our research has identified in which a foreign government has written to a federal court to explain that the laws of the foreign nation absolutely bar the requested discovery and the use that the applicant claims he would make of it in that foreign nation's courts. *See* Letter of Hon. Irurzun Montoro dated August 2, 2013 ("August 2, 2013 Irurzun Letter"), Waters Aff. Exh. A (ECF No. 24-1 in Case No. 1:13-mc-238); Letter of Hon. Luis Serrano dated July 26, 2017 ("July 26, 2017 Serrano Letter") (ECF No. 37-1); Letter of Hon. Luis Serrano dated August 21, 2017 ("August 21, 2017 Serrano Letter") (ECF No. 49-1); November 14, 2017 Serrano Letter. The public interest in ensuring that principles of international comity are recognized and respected by federal courts strongly weighs in favor of a stay.

3

As the Second Circuit recently emphasized:

> when a foreign government, acting through counsel or otherwise, directly participates in U.S. court proceedings by providing a sworn evidentiary proffer regarding the construction and effect of its laws and regulations, which is reasonable under the circumstances presented, a U.S. court is bound to defer to those statements.

*Animal Sci. Prods. v. Hebei Welcome Pharm. Co. (In re Vitamin C Antitrust Litig.)*, 837 F.3d 175, 189 (2d Cir. 2016); *see also Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 313 F.3d 70, 92 (2d Cir. 2002). Applicant claims that *Vitamin C* does not apply to the Serrano letters because they are not "sworn" statements, were not "provided by official diplomatic channels, or offered as *amicus curiae* submissions," and are not "authoritative" enough. *See* Opposition (ECF No. 68) at 10-11. *Vitamin C* makes clear, however, that a declaration of counsel is sufficient, and that, at most, a sworn statement may be needed. 837 F.3d at 189. Accordingly, and for the avoidance of doubt concerning the binding nature of Dr. Serrano's statements, he has submitted a new letter to the Court, in which he declares all of his statements concerning Spanish law to be made "under penalty of perjury under the laws of the United States of America." Serrano November 14, 2017 Letter at § II. It bears emphasis, moreover, that each of his submissions to this Court is subject to more stringent sanctions under Spanish law than those to which private persons would be exposed for false statements. *Id*.

As Dr. Serrano states, "the Spanish Government considers its right to professional secrecy in connection with the documents and testimony requested by the Applicant to be of the greatest importance" *Id*. For this Court to continue to disregard the official views of Spain would be inconsistent with international comity and with the interest of the public of this country and of Spain in respectful relations between their nations. *See Animal Sci.*, 837 F.3d at 193-94 (deferring to the views of the Chinese Government, which "repeatedly made known to the federal courts . . .

4

that it consider[ed] the lack of deference it received in our courts, that it . . . attached great importance to this case.") (internal quotations omitted).

### III. THE PUBLIC INTEREST IN UPHOLDING CONSTITUTIONAL LIMITS ON THE EXERCISE OF FEDERAL JURISDICTION FAVORS A STAY.

In addition to the strong public interest in international comity, this case also concerns the strong interest of the American public in having our courts ensure that "compelling an entity to provide discovery under § 1782 . . . comport[s] with constitutional due process." *See In re Application of Sargeant*, 2017 U.S. Dist. LEXIS 167248, at *7 (S.D.N.Y. Oct. 10, 2017).

In opposition to the Application herein, Respondents argued that the requirement of § 1782 that the discovery target "resides or is found" in the district embodies the requirements of constitutional due process, and, therefore, that a district court cannot compel compliance with a subpoena unless it has personal jurisdiction over the subpoena's target. *See* ECF No. 35 at 26. Accordingly, Respondents' appeal will present an important constitutional question, not addressed in this Court's Order: whether Applicant may seek discovery of documents belonging to the Kingdom of Spain by serving a subpoena on Spain's legal counsel and expert witness in New York, given the clear absence of personal jurisdiction over Spain.

Contrary to Applicant's assertions, this issue was not decided by the district court in *In re Schmitz*: the paragraph cited by Applicant is limited to the plain meaning of the words of the first statutory requirement of § 1782, and does not discuss that requirement's constitutional due process jurisdictional implications. 259 F. Supp. 2d 294, 296 (S.D.N.Y. 2003) (cited in Opposition (ECF No. 68) at 4). On appeal, the Second Circuit expressly declined to reach the issue:

> we need not address the difficult question . . . whether § 1782 applies to documents only temporarily present in the jurisdiction . . .

*Schmitz v. Bernstein Liebhard & Lifshitz*, LLP, 376 F.3d 79, 85 n.6 (2d Cir. 2004). Applicant's assertion that "the Court of Appeals has already rejected this argument in *In re Schmitz*," Opposition (ECF No. 68) at 6, n.2, is thus simply wrong.

In the proceedings concerning Applicant's 2013 Application, Respondents did not raise, and this Court did not address, the constitutional due process dimensions of the absence of personal jurisdiction over the Kingdom of Spain. In the intervening years, the Supreme Court has redefined the contours of personal jurisdiction. *See, e.g., Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). Accordingly, Respondent raised this issue in opposition to the instant applications. ECF No. 35 at 26. In the past few weeks, judges in this district have denied discovery pursuant to § 1782 on grounds of lack of personal jurisdiction over the real target of the subpoena. *See, e.g., In re Application of Sargeant*, 2017 U.S. Dist. LEXIS 167248, at *6-12 (S.D.N.Y. Oct. 10, 2017) (denying a § 1782 application on multiple grounds, including under the first statutory requirement based on personal jurisdiction grounds, and discussing the U.S. Supreme Court's recent decisions in *Daimler* and *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549 (2017)); *Australia and New Zealand Banking Group Ltd. v. APR Energy Holding Ltd.*, 2017 U.S. Dist. LEXIS 142404 (S.D.N.Y. Sept. 1, 2017) (analyzing the U.S. Supreme Court's recent personal jurisdiction case law and quashing a §1782 subpoena on personal jurisdictional grounds).

The question whether documents belonging to a party that is beyond the district court's subpoena power can be subpoenaed from that party's counsel within the district in § 1782 proceedings is currently *sub judice* in the Second Circuit in *Kiobel v. Cravath, Swain & Moore LLP*, 2nd Cir Case No. 17-424-cv. The fact that the decision in that case could oust this Court's jurisdiction in the instant matter counsels strongly in favor of a stay.

6

## IV. RESPONDENTS, THE KINGDOM OF SPAIN, AND THE PUBLIC INTEREST WILL BE IRREPARABLY HARMED IF THE ORDER IS NOT STAYED.

On appeal, Respondents will argue that all of the materials sought in Applicant's § 1782 applications are protected from disclosure by provisions of the Spanish Constitution, statutes and regulations, and by decisions of the Spanish courts, that absolutely guarantee professional secrecy. *See* November 14, 2017 Serrano Letter at § IV; *and* ECF No. 35 at 8-9. Respondents will emphasize the Supreme Court's observation that § 1782 "expressly shields privileged material." *Intel Corp. v. Advanced Micro Devices*, Inc., 542 U.S. 241, 260 (2004) ((citing S. Rep. No. 88-1580, reprinted at 1964 U.S.C.C.A.N. 3782, 3790 ("[N]o person shall be required under the provisions of [§ 1782] to produce any evidence in violation of an applicable privilege.")).

Respondents have demonstrated that the materials sought, if obtained by means of the instant § 1782 proceedings, could not be used in either of the foreign proceedings in which Applicant claims he may use them, a *Querella Criminal* in Spain or in a case before the European Court of Human Rights (the "ECtHR"). *See* ECF No. 35 at 18-21. The foreign procedural bars to Applicant's purported "use," however, are insufficient protection against the invasion of Spain's rights to professional secrecy, either for the Kingdom of Spain or for Respondents. Exposure of the protected materials would irretrievably vitiate their confidentiality, and producing them could expose Respondents to criminal liability in Spain. *See* July 26, 2017 Serrano Letter (ECF No. 37-1) at § 10; August 2, 2013 Irurzun Letter (ECF No. 24-1 in Case No. 1:13-mc-238) at § 4.[2] Applicant's purported "use" of the discovery at issue is thus, at best, "remote and speculative," while the risks for the Kingdom of Spain and for Respondents, by contrast, are "actual and

---

[2] Exposure to disciplinary sanctions under foreign law – a milder concern than the possible criminal sanctions in this case – has been recognized as an excessive burden to impose upon lawyers whose clients' documents are sought in discovery pursuant to § 1782. *See In re Okean B.V.*, 60 F. Supp. 3d 419, 432 (S.D.N.Y. 2014).

7

imminent, and [could not] be remedied by an award of monetary damages." *NRDC v. U.S. Food and Drug Admin.*, 884 F. Supp. 2d 108, 123 (S.D.N.Y. 2012) (citations omitted) (cited in Opposition (ECF No. 68) at 18).

As noted above, this case is unique in § 1782 jurisprudence for the fact that the privileges asserted by Respondents belong to a foreign government, rather than to a corporation or a private individual. This fact distinguishes all other reported § 1782 cases in which foreign privileges were invoked, as well as all of the cases cited by Applicant in urging application of the "touch base" conflicts analysis. *See* Opposition (ECF No. 68) at 8-9. The choice-of-law analysis in this case has clear implications for international comity.

Even in cases that do not raise such concerns, however, stays of discovery are granted to avoid irreparable harm. *See Becher v. Long Island Lighting Co. (In re Long Island Lighting Co.)*, 129 F.3d 268, 271 (2d Cir. 1997) ("If [the resisting party] turns over the disputed documents, it will lose the privilege and will be unable to recoup the benefit of it on appeal."). Indeed, "strong public policy" protects assertedly-privileged materials from disclosure until the issue is finally resolved, as once documents have been produced, the remedy of reversal on appeal is "inadequate at best." *In re von Bulow*, 838 F.2d 94, 98-99 (2d Cir. 1987) ("The concern that a remedy after final judgment cannot unsay the confidential information that has been revealed may account for the liberal use of mandamus in situations involving the production of documents or testimony claimed to be privileged . . . ."). A stay pending appeal is clearly warranted here.

V.   **APPLICANT WILL NOT BE INJURED BY A STAY.**

In contrast to the immediate and irreparable harm that Respondents will suffer if the Order is not stayed, Applicant will not suffer any injury by virtue of the requested stay.

First, there is no risk that a stay of discovery pending appeal could hamper Applicant's ability to initiate a *Querella*: Spanish law requires a complainant to file a facially-sufficient

8

allegation, and does not require any evidentiary support.  *See* November 14, 2017 Serrano Letter at § 4 ("Spanish law does not require the complainant to attach evidence of the commission of a criminal act to his or her *querella*"); August 21, 2017 Serrano Letter (ECF No. 49-1) at §§ 31-32; July 26, 2017 Declaration of Prof. Ortiz (ECF No. 37-2) at §§ 76-87.  The requested documents could not, moreover, be used in a *Querella* if obtained pursuant to 28 U.S.C. § 1782 in violation of Spanish professional secrecy laws.  *See* November 14, 2017 Serrano Letter at § 4; August 21, 2017 Serrano Letter (ECF No. 49-1) at §§ 16-17; August 21, 2017 Declaration of Prof. Ortiz ("Ortiz Supp. Decl.") (ECF No. 49-2) at §§ 14-15, 18-21.

Second, Applicant will never be under any time pressure in the ECtHR to submit the discovery he seeks here.  Applicant has conceded that his application to the ECtHR was filed pursuant to Article 6 of the European Convention.  *See* Transcript of October 18, 2017 Oral Argument (ECF No. 57) at 15, 82.  Under the rules and precedents of the ECtHR, that Court does not accept new evidence in matters brought pursuant to Article 6.  *See* Serrano August 21, 2017 Letter (ECF No. 49-1) at § 27; Ortiz Supp. Decl. (ECF No. 49-2) at §§ 40-42.

If it were true that Applicant has an urgent need for the documents at issue, he would not have waited so long to file his Applications.  This Court may and should consider Applicant's delay in deciding whether it is appropriate under the present circumstances to hurry forward with the discovery he seeks.  *See, e.g.*, *In re WinNet R CJSC*, No. 16-mc-484, 2017 U.S. Dist. LEXIS 56985, at *25 (S.D.N.Y. Apr. 13, 2017); *In re Elvis Presley Enters. LLC*, No. 15mc386 (DLC), 2016 U.S. Dist. LEXIS 25136, at *12 (S.D.N.Y. Mar. 1, 2016).

A stay of the Court's October 30, 2017 Order will not injure Applicant substantially, if, indeed, at all.  This factor weighs in favor of granting Respondents' motion.

9

## VI. RESPONDENTS' APPEAL IS LIKELY TO SUCCEED ON THE MERITS.

Respondents believe the appellate issues raised in this motion present a "strong showing" that they are "likely to succeed on the merits." *In re World Trade Ctr.*, 503 F.3d at 170. Respondents' burden on this factor, however, is not very high in view of the clear risk that enforcing the Order now will immediately expose them to irreparable harm. *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) ("the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the stay applicant] will suffer absent the stay") (citation omitted). Indeed, the strength of the other stay factors also reduces Respondents' need to convince this Court that they will succeed on appeal. *See Chevron*, 709 F. Supp. 2d at 300 ("The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other [stay] factors"). Accordingly, even if this Court "remains confident in the soundness of the reasons" of its underlying order, the fact that the "appeal presents an issue of first impression" on which the Second Circuit "may disagree" warrants granting the stay. *Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 447 (S.D.N.Y. 2010).

## CONCLUSION

For the reasons set forth herein, Respondents respectfully request that this Court stay its October 30, 2017 Order pending resolution of their appeal.

DATED:   New York, New York    Respectfully submitted,
         November 14, 2017

                                            SQUIRE PATTON BOGGS (US) LLP

                                        By:     *Victor Genecin*
                                                  Victor Genecin (VG9733)
                                                  Alice Leonard de Juvigny (AJ1108)
                                                  victor.genecin@squirepb.com
                                                  alice.dejuvigny@squirepb.com
                                                  30 Rockefeller Plaza, 23rd Floor
                                                  New York, New York 10112
                                                  Tel:  212.872.9800
                                                  Fax:  212.872.9815

*Attorneys for Respondents*
Squire Patton Boggs (US) LLP,
Brian D. Starer, Esq., CR Cushing & Co., and
Charles R. Cushing, Ph.D., P.E.

11

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on all parties of record via this court's electronic filing system on this 14th day of November, 2017.

*s/ Victor Genecin*
Attorney for Respondents
