UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE APPLICATION OF APOSTOLOS
MANGOURAS TO CONDUCT DISCOVERY FOR                    17-mc-172
USE IN A FOREIGN PROCEEDING PURSUANT
TO 28 U.S.C. 1782                                              ORDER
-----------------------------------------------------------x

CASTEL, Senior District Judge.

        On October 30, 2017, this Court issued a Memorandum and Order granting the

petitioner's application to conduct discovery for use in a foreign proceeding pursuant to 28

U.S.C. § 1782.  See 2017 WL 4990655 (S.D.N.Y. Oct. 30, 2017).  Respondents have filed a

letter-motion seeking to stay all proceedings pending resolution of their appeal to the United

States Court of Appeals for the Second Circuit.  (Docket # 62.)  Subsequently, petitioner filed a

letter-brief and memorandum in opposition, respondents filed a memorandum and affirmations in

reply, and petitioner filed a letter-brief in sur-reply.  (Docket # 68, 72-75.)

        That application is denied.  In deciding whether to grant a motion to stay relief

pending appeal, a district court considers "'(1) whether the stay applicant has made a strong

showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably

injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties

interested in the proceeding; and (4) where the public interest lies.'"  Nken v. Holder, 556 U.S.

418, 426 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).  Respondents have not

made a strong showing that they are likely to succeed on the merits.  Staying proceedings would

prejudice the petitioner, and result in the indefinite delay or complete obstruction of his

proceedings before the European Court of Human Rights and his submission of the Querella

Criminal.  Counsel to the petitioner represents that the first deadline for his submission of a

1

Querella Criminal is in mid-January 2018.  (Docket # 63 at 6.)  A stay could significantly undermine that application.  The public interest weighs heavily in favor of facilitating discovery, with the substantive merits of petitioner's claims to be decided by foreign tribunals.

Respondents again argue that any production is barred by Spanish professional secrecy laws.  (Docket # 66, # 37-1, 73-1.)  The parties have offered conflicting, self-serving and often conclusory assertions about the limitations, or lack thereof, imposed by Spain's professional secrecy laws.  See 2017 WL 4990655, at *6.  They invite this Court to wander into the thicket that the Second Circuit has warned against.  Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1099 (2d Cir. 1995) ("The record reveals that this litigation became a battle-by-affidavit of international legal experts, and resulted in the district court's admittedly 'superficial' ruling on French law.  We think that it is unwise—as well as in tension with the aims of section 1782—for district judges to try to glean the accepted practices and attitudes of other nations from what are likely to be conflicting and, perhaps, biased interpretations of foreign law.").

The respondents' stay application is DENIED.  The clerk is directed to terminate that letter-motion and the petitioner's responsive letter-motion.  (Docket # 62, 63.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
       November 15, 2017