

Squire Patton Boggs (US) LLP
30 Rockefeller Plaza
New York, New York  10112

O   +1 212 872 9800
F   +1 212 872 9815
squirepattonboggs.com

Victor Genecin
T   +1 212 872 9889
victor.genecin@squirepb.com

February 21, 2018

**VIA ECF**

Hon. P. Kevin Castel
United States District Judge
500 Pearl Street
New York, NY  10007-1312

Re:   *APPLICATIONS OF APOSTOLOS MANGOURAS, Case No. 1:17-mc-172 (PKC)*

Dear Judge Castel:

We write on behalf of the Cushing Respondents to respond to the letter to the Court that counsel for Applicant filed at the end of the day on Friday, February 16, 2018.  (ECF No. 86).

We do not understand why counsel has sought to burden the Court with a discovery matter without first complying with Rule 37(a)(1).  We offered him the opportunity to meet in person with Katy A. Spicer, Esq., the lawyer in my firm who has the deepest operational involvement in our production effort, and with me, on February 27, 2018 (Ms. Spicer ordinarily works in Washington, D.C. but will be in New York next week).  We have consistently been open to counsel's issues and concerns; indeed, we solicited counsel's input concerning the keywords to identify potentially-responsive documents among the Cushing Respondents' electronic files and searched all of the keywords counsel proposed.  We would have met, and would still meet, with counsel in an effort to obviate, or at least narrow, any disputes.

Instead, counsel has written a letter to your Honor that asserts, entirely incorrectly, that we have produced "no measurements."  (ECF No. 86 at 2).  To the contrary, numerous multi-page documents in our December 29, 2017 production contain measurements of the *Prestige*.  Also part of that production are documents that otherwise describe or concern the undersea expeditions to the wreck.  On February 2, 2018, moreover, we produced additional lengthy documents in which measurements are recorded, as well as the images in the Cushing Respondents' possession taken from the submersible as it collected samples from the ship, and photographs of the samples themselves.  Without having conducted a thorough examination of the documents we produced, counsel asks the Court to conduct an *in camera* examination of documents we have logged as privileged.

46 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

H:\Prestige\Letter to Castel (Dec. 8) (ALJ redline).docx

Squire Patton Boggs (US) LLP                                                          Hon. P. Kevin Castel
                                                                                      United States District Judge
                                                                                      February 21, 2018

We also do not understand counsel's assertion that to accept our proposal to meet with him on February 27, 2018, the sixth business day after he filed his letter, would be to "allow this to go on forever. (ECF No. 86-1 at 1). To date, the European Court of Human Rights has still not caused any Application by Mr. Mangouras to be served on the Spanish Government. There are thus no proceedings before that Court for which he could be under any pressure to present evidence (even assuming that an Article 6 Applicant, such as Mr. Mangouras, were permitted to present new evidence to the ECtHR).

Finally, counsel asserts that "the issue at the European Court of Human Rights is what evidence Spain and its expert possessed but failed to disclose to Mangouras during the Spanish proceedings." (ECF No. 86 at 3). As there are no proceedings pending in the ECtHR, there is no issue of any kind at that Court. But if the issue described by counsel were ever to come before the ECtHR, it would concern the raw data in the Cushing Respondents' possession, *e.g.,* measurements and images taken at the wreck, but not these Respondents' work product, such as calculations and typewritten notes, which were steps in the development of Dr. Cushing's expert opinions. Given counsel's description of "the issue at the European Court of Human Rights," Dr. Cushing's opinions themselves, and the notes and calculations in which he developed and refined them, should not be part of discovery in this case.

We continue to be prepared to meet and confer with Applicants' counsel on February 27, 2018. Such a meeting would be held most efficiently at our offices, where we can consult our computers and documents, if need be. For our part, we would certainly make every effort to ensure that the meeting obviates any disputes. We respectfully suggest that the Court direct Applicant's counsel to meet with us in the same spirit, and to comply fully with Rule 37(a)(1) before bringing disputes to the Court.

Thank you for your courtesies and attention to this matter.

Respectfully,

**SQUIRE PATTON BOGGS (US) LLP**

Victor Genecin

cc:    Thomas L. Tisdale, Esq. (by e-mail)